P. O'DONNELL, President of the Board of Council of Yazoo City, *vs.* JOHN P. BAILEY et al., Assignees of the Commercial Bank of Manchester.

The charter incorporating the Commercial Bank of Manchester is a contract between the stockholders thereof and the State, and a contract entered into by the State with an individual is as fully protected by the 10th section of the 1st article of the Constitution of the United States, as a contract between individuals.

By the charter of the bank, the right of the State to tax it, is limited to one fourth of one per cent. on each share of stock, and confined to a tax for State purposes. *Held,* that the legislature had no right to delegate to the town council of Yazoo city the power of taxation, as claimed in reference to the stock of the bank.

The State cannot authorize a municipal corporation to impose a tax which she could have no right to levy; nor was it the intention of the legislature to grant to the council of Yazoo city a right to impose any tax upon the stock of the bank.

The town of Yazoo city was incorporated in 1846, but the Commercial Bank was incorporated long anterior to that time, and was, when the charter of Yazoo city was passed, exempt from taxation, except by the State. *Held,* that the grant of power to the city of Yazoo to levy a tax to a certain amount upon all taxable property within its limits, was not intended by the legislature to apply to the stock of the bank.

In error from the superior chancery court; Hon. Stephen Cocke, chancellor.

The bill was filed in this case by the defendants in error, to enjoin the collection of a tax assessed by the corporate authorities of Yazoo city, upon the stock of the Commercial Bank of Manchester, it being one half of one per cent. *ad valorem* upon the stock. The bill charges, that by an assignment the whole property of the bank passed into the hands of John P. Bailey and others, and that by the 10th section of the charter of the bank it was exempt from the payment of any other than a

State tax of twenty-five cents per share. The plaintiff in error answers, that by the act incorporating the town, that description of property was taxable within the limits of said incorporated town, and that the charter of the bank does not relieve it from taxation, having been regularly assessed under an order of the board of council.

*Gibbs & Borman*, for plaintiff in error.

*W. R. Miles*, for defendants in error.

Mr. Chief Justice SMITH delivered the opinion of the court.

Pursuant to an ordinance of the town council of Yazoo city, a tax of one half of one per cent. was assessed upon the estimated value of the capital stock of the Commercial Bank of Manchester, a banking corporation which is situated within the corporate limits of the town of Yazoo city. Upon the refusal of the bank to pay the tax thus assessed, her property was levied on and advertised for sale, by the proper officer of the town. To restrain the threatened sale, and to prevent the collection of the tax, the bank filed a bill in the superior court of chancery, in which a decree was rendered, perpetually enjoining the town and her officers from proceeding to collect the tax. The propriety of that decree depends solely upon the right of the town council of Yazoo city to impose a tax upon the capital stock of the bank; for if the right existed, there is nothing in the record to show that it was irregularly exercised.

The right to impose and collect the tax under examination, is based upon an express grant of power contained in the seventh section of the act of incorporation, by which the council, for the purpose of defraying the current expenses of the town, are empowered to levy and collect taxes on all the taxable property, real and personal, within the town, not exceeding in any one year one half of one per cent. upon the appraised value thereof. Acts, 1846, p. 264.

On the other hand, it is insisted by the bank, that her capital stock is exempt from taxation, except to the extent and for the purposes stipulated in her charter of incorporation, and that by

her charter it was provided, that the capital stock should be exempted from taxation for one year after the bank had gone into operation; after which time, the legislature might impose a tax, not exceeding *twenty-five cents* per annum on each share of the stock subscribed, to be paid into the State treasury.

The charter incorporating this bank is a contract between the stockholders thereof and the State, and it is settled that a contract entered into by the State with an individual is as fully protected by the tenth section of the first article of the Constitution of the United States, as a contract between two individuals.

By the charter, the right of the State to tax the bank, which otherwise would have been unrestricted, is expressly limited to one fourth of one per cent. on each share of stock, and confined to a tax for State purposes; for so we must understand the provision which directs that the taxes imposed within that limit shall be paid into the State treasury. The legislature, therefore, had no right to delegate to the town council of Yazoo city the power of taxation, as claimed in reference to the stock of this bank. The State could not authorize a municipal corporation to impose a tax which she herself would have no right to levy. But we apprehend that it was not the intention of the legislature to grant to the council of Yazoo city a right to impose any tax upon the stock of the bank. The town of Yazoo city was incorporated in 1846; the Commercial Bank of Manchester long anterior to that period. At the time when the town was incorporated, the stock of the bank was exempt from taxation, except by the State, and to a limited extent. We cannot, therefore, presume that the grant of power to the town to levy a certain amount of taxes upon the taxable property within her limits, was designed by the legislature to apply to the stock of the bank.

Upon either view of the subject, the chancellor was right. Let the decree be affirmed.